# IN THE UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF GEORGIA

KEITHROY B. NURSE       :
      :

         **Plaintiff**       :     **CIVIL ACTION FILE**
      :     **NO. 1:17-CV-1689-TWT**
      :

**vs.**       :
      :

**THE CITY OF ALPHARETTA,**       :
**ROBERT J. REGUS, KATHY BOTT,**       :
**WESLEY McCALL, SANDY WEST,**       :
**and GARY D. GEORGE,**       :
      :

      **Defendants**       :

## PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT

COMES NOW Plaintiff, Keithroy B. Nurse, and pursuant to the Order of

this Court dated September 29, 2017 amends his Complaint, by striking the

original Complaint in its entirety and substituting in lieu thereof the Amended

Complaint attached hereto.

Respectfully submitted this 17th day of October, 2017.

         *S/ Clifford H. Hardwick*

         Clifford H. Hardwick

         Attorney for Plaintiff

         Georgia Bar No. 325675

11205 Alpharetta Highway

Suite E-1

Roswell, Georgia 30076

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

I hereby certify that the foregoing document was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1C

Respectfully submitted,

*S/ Clifford H. Hardwick*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and parties in the foregoing action with a true and correct copy of **PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT** having this date filed with the Clerk of Court via the CM/ECF system which automatically sends a service copy via email notification upon the following attorneys of record:

> Benton J. Mathis, Jr., Esq.
>
> Michael M. Hill, Esq.
>
> Freeman Mathis & Gary, LLP
>
> 100 Galleria Parkway, Suite 1600
>
> Atlanta, Georgia 30339-5948
>
> *Attorneys for Defendants City of Alpharetta, Robert Regus, Kathy Bott, Wesley McCall, Sandy west and Gary D. George.*

This 17th day of October, 2017.

Respectfully submitted.

/s/Clifford H. Hardwick

Clifford H. Hardwick

Attorney for the Plaintiff

Georgia Bar No. 325675

Roswell Professional Park

Suite One, Building E

11205 Alpharetta Highway

Roswell, GA 30076

Tel: (770) 772-4700

Fax: (770) 772-4488

chh@bellsouth.net

## IN THE UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF GEORGIA

KEITHROY B. NURSE                              :
                                              :
              Plaintiff                        :        CIVIL ACTION FILE
                                              :          NO.
                                              :
vs.                                           :
                                              :
THE CITY OF ALPHARETTA,                        :
ROBERT J. REGUS, KATHY BOTT,                   :
WESLEY McCALL, SANDY WEST,                     :
and GARY D. GEORGE,                            :
                                              :
              Defendants                       :

## PLAINTIFF'S  AMENDED  COMPLAINT

COMES NOW Keithroy B. Nurse, Plaintiff in the above styled action

and states his complaint as follows:

## I.  INTRODUCTION

1.      This action is brought by Plaintiff for violations of his rights to Due

Process and Equal Protection guaranteed under the IV th Amendment

to the US Constitution, Race Discrimination under Title VII of the Civil

Rights Act of 1964, et seq. and 42 USC § 1983.

## II.  JURISDICTION

2.      This action is for violation for violation of constitutional rights

pursuant to 42 USC 1983, et seq. Therefore, this Honorable Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331.

## III VENUE

3.    The Northern District of Georgia is an appropriate venue for this action because all defendants sued in their official capacities reside in this district. 28 USC § 1391(b)(1).

4.    The Northern District of Georgia is also an appropriate venue because the events giving rise to Plaintiffs' claims have occurred in this district. 28 USC § 1391 (b)(2)

## IV  THE PARTIES

5.    The Plaintiff, Keithroy B. Nash, is an Afro-American who was a certified police officer for the City of Alpharetta, Georgia.

6.    The City of Alpharetta is a municipal subdivision of the State of Georgia. Service may be perfected upon this Defendant through the office of the City's Mayor David Belle Isle, 2 Park Plaza, Alpharetta, Georgia 30009.

7.     Defendant ROBERT J. REGUS is the City Administrator for the City

of Alpharetta. Service may be perfected upon this Defendant through the office of the City's Administrator, 2 Park Plaza, Alpharetta, Georgia 30009.

8.    Defendant KATHY BOTT is the Human Resource Manager for the City of Alpharetta. Service may be perfected upon this Defendant through the office of the City's Administrator, 2 Park Plaza, Alpharetta, Georgia 30009.

9.    Defendant WESLEY McCALL is the Deputy Director of Public Safety for the City of Alpharetta. Service may be perfected upon this Defendant through the office of the City's Administrator, 2 Park Plaza, Alpharetta, Georgia 30009.

10.   Defendant SANDY WEST is a police captain for the City of Alpharetta. Service may be perfected upon this Defendant through the office of the City's Administrator, 2 Park Plaza, Alpharetta, Georgia 30009.

11.   Defendant GARY D. GEORGE is the Director of Public Safety for the City of Alpharetta. Service may be perfected upon this Defendant through the office of the City's Administrator, 2 Park Plaza, Alpharetta, Georgia 30009.

## V. STATEMENT OF THE FACTS

12.   The Plaintiff was employed as a policeman for the City of Alpharetta for approximately 15 years.

13.   During his time as a police officer for Alpharetta Plaintiff served with no disciplinary problems and carried out his duties professionally and satisfactorily.

14.   On March 27, 2016 Plaintiff and two other police officers were called to respond to a request for assistance to an address in the City of Alpharetta.

15.   When he arrived on the scene, Plaintiff and the other officers, were met by the individual who had made the call for assistance .

16.   The caller informed the officers that a friend had ask him to give a ride to a female to where she was staying in Alpharetta.

17.   The female was extremely intoxicated and was going in and out of consciousness in his vehicle. Because of her condition, she was unable to tell the driver where she lived.

18.   When questioned the woman was unresponsive to questions asked by

the officers.

19.    Plaintiff placed a call for assistance, and Rural Metro Ambulance

        EMT's responded.

20.    The EMTs examined the woman, who after several minutes, had began

        to regain some of her faculties, and was able to speak to the officers and

        the EMTs.

21.    The woman refused medical treatment, so the EMTs left the scene.

22.    The woman was advised that she could be arrested for disorderly

        conduct and public drunkenness, but that they were more concerned

        about her well-being.

23.    She then advised the officers that she was staying at the Doubletree

        hotel.

24.    The caller advised that he was not familiar with either Alpharetta or

        the hotel.

25.    Plaintiff advised the caller that his shift was now over, but he would

        drive to the hotel and the caller could follow him.

26.   When they arrived at the Doubletree Hotel in Alpharetta, it was discovered that the woman was not registered at that location, but that she was a guest at the Doubletree Hotel in Roswell, Ga.

27.   At that point the caller declined to assist the woman any further, and he left.

28.   The woman, who had further stated that she was in town for the wedding of one of her friends was thus left stranded in the City of Alpharetta, still intoxicated and without any means to get to her hotel.

29.   Rather than leave the woman stranded in a dangerous position, the Plaintiff agreed to give her a courtesy ride to her hotel on his way home.

30.   Upon arrival at the hotel in Roswell, the woman discovered that her purse, which had contained her credit cards, driver's license and I.D. card was missing.

31.   Since she did not have an I.D. card or any type of credit card with her name, the desk clerk would not allow the woman into her room.

32.   It was agreed by the desk clerk that the hotel's security officer, the Plaintiff and the woman would be allowed to go to the room to see if

there was anything inside the room that would prove her identification.

33.   Upon entering the hotel room the woman went to her purse and showed the security officer a credit card with her name on it.  The security officer then left the room, but the woman had questions for the Plaintiff concerning her lost or stolen items.  Plaintiff explained to the woman her need to file a report with the jurisdiction where the items were lost, for her to keep a copy of the report number and to give it to any officer that stopped her on her way home as proof that she had lost her driver's license.

34.   At this time the security officer for the hotel came back to the hotel room and re-verified her information.

35.   At the time the security officer re-entered the room, the woman was very alert, fully clothed, sitting upright and speaking to both the Plaintiff and the security officer.

36.   The Plaintiff exited the hotel room.  Upon his exit, the woman said she needed to give Plaintiff a good recommendation since he had been very courteous and kind to her.  Plaintiff gave his name and left the room.

37. Plaintiff had the security officer walk him out to his patrol vehicle, where he gave the security officer the CAD report number on the incident.

38. At this point, Plaintiff discovered that his laptop had no power and that the power cord under the passenger seat had been kicked or unplugged during the transport.

39. Later, Plaintiff was informed that he was the subject of an Internal Affairs Investigation by the Alpharetta Police Department in reference to this incident.

40. Defendant West conducted the Internal Affairs Investigation.

41. Plaintiff was informed that the woman had accused him of sexual assault and that a criminal investigation was being conducted by the City of Roswell Police Department.

42. Plaintiff was never informed, either by the Roswell Police Department or the City of Alpharetta, as to the exact nature of the charges against the Plaintiff and what he was alleged to have done.

43. Not withstanding the refusal of the City of Alpharetta to inform the

Plaintiff of the conduct of what he was actually charged, the Plaintiff cooperated completely with both agencies to include taking a Polygraph examination administered by the Georgia Bureau of Investigation which proved the Plaintiff to be truthful at all times.

44.    Despite the fact that Plaintiff was under a criminal investigation by two police departments, Defendant West ordered the Plaintiff that he could not have any contact with anyone in connection with the incidents or the investigations, thereby depriving Plaintiff of his rights to defendant himself.

45.    During the criminal investigation by Roswell, the City of Alpharetta conducted its own Internal Affairs Investigation.

46.    The Plaintiff was never charged with any criminal conduct either by the City of Roswell or the City of Alpharetta.

47.    The City of Roswell closed out its criminal investigation with the finding of no evidence to support any criminal charges.

48.    That the City of Alpharetta charged the Plaintiff with minor violations of City policy and accused the Plaintiff of being dishonest even though

the Plaintiff had passed the Polygraph examination.

49. During the Internal Affairs Investigation by Captain West, the charges against the Plaintiff were deliberately and intentionally falsified in order to create grounds for termination.

50. Captain West and Director George charged the Plaintiff with violation of five (5) separate city policies.

51. One of the charges was for allowing the woman to ride in the front seat of his car while giving the courtesy ride. The policy violation however, concerned securing and transporting persons in custody, arrested or prisoners and had no relation to a courtesy ride.

52. Captain West and Director George knew this to be a false charge since the woman was never in custody, never arrested and never a prisoner.

53. One of the other charges involved his failure to keep his supervisor informed that he was in service after his TOUR of duty was over.

54. Captain West and Director George knew that the Plaintiff was not in service, was off duty and trying to help a stranded guest in the city.

55. Not withstanding that the Plaintiff was off-duty, the City of Alpharetta

contends that he was still on-duty even though the City failed to pay him for the time in service or provide him with compensation time in violation of the Fair Labor Standards Act.

56.    One of the five charges dealt with the fact that the Plaintiff did not notify his supervisor that he was conducting a courtesy transport. Again, Defendant's knew that this was not an intended misconduct on the part of the Plaintiff, he was off-duty and simply trying to help a visitor to the City.

57.    The fourth charge against the Plaintiff was neglect of duty alleging that the Plaintiff had failed to keep his commanding officer informed of his current address.  Again, the charge was false.  The residence address had not changed in years.

58.    The fifth and final charge was neglect of duty in which the Plaintiff was alleged to have consciously and deliberately failed to completely and truthfully answer all questions when interviewed by Captain West.

59.    Plaintiff gave truthful answers to Captain West and Plaintiff voluntarily submitted to Polygraph examination which proved that Plaintiff was truthful at all times.

60. Captain West knew that the charge against Plaintiff concerning the neglect of duty was false.

61. The City of Alpharetta has a policy of progressive discipline.

62. Plaintiff was deprived of his rights to progressive discipline, and was terminated for minor policy violations.

63. Plaintiff was subjected to far more severe punishment than that given to the white police officers of Alpharetta Police Department.

64. Defendants George, West, McCall, Bott, and Regus knew and approve the disparity of treatment administered to Plaintiff.

65. Under the current administration, administered by the Defendants named herein, the City of Alpharetta has created a hostile work environment for African American males.

66. The City of Alpharetta, and the individual defendants named herein, have created and maintained the hostile work environment through a pattern of  more severe disciplinary action to African Americans as to their white counterparts.

67. After his termination, the Defendant City of Alpharetta filed a report

with the Georgia Peace Officers Standards and Training Council.

68.     The report contained false and/or intentionally misleading information

concerning the Plaintiff and the incident with the woman.

69.     As a result of the report,  Plaintiff's certification as a law enforcement

officer was revoked by the Georgia Peace Officers Standards and

Training Council.

70.     That on July 27, 2016 the Plaintiff filed a charge of racial

discrimination with the E.E.O.C., that being charge number 410-2016-

04651.

71.     The Plaintiff has received his Right to Sue letter from the E.E.O.C., a

copy of which is attached hereto marked Exhibit 'A'.

## VI. FIRST CAUSE OF ACTION

## COUNT I

72.     Plaintiff realleges and incorporates into Count 1 the numbered

paragraphs 1 - 71.

73.     Plaintiff has a property interest in his certification and professional

reputation.

74.    By filing false charges and misleading charges Captain West knowingly took steps to deprive the Plaintiff of his certification and his career.

75.    Defendant George, as the Director of Public Safety, is the individual who terminated the Plaintiff, even though he knew the punishment was more severe than that given to white officers.

76.    Defendant George knew the charges were false, but condoned Captain West's conduct and the more severe punishment.

77.    That the actions of the Defendants were taken under color of law.

78.    The actions of George and West were approved and ratified by Defendants Regus, Bott and McCall.

79.    The actions of George and West were approved and ratified by the City of Alpharetta.

80.    That as a direct and proximate results of the actions of the Defendants, the Plaintiff has been deprived of his rights to equal protection as guaranteed under the Fourth Amendment and Fourteenth Amendments to the Constitution of the United States.

81.     That the actions of the individual Defendants were willful, malicious and done with the conscious disregard for the consequences.

82.     That Plaintiff is entitled to an award of punitive damages against the individually named Defendants named herein.

83.     That the Plaintiff is entitled to an award of compensatory damages.

84.     That the Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation pursuant to 42 USCA 1988.

<u>COUNT II</u>

85.     Plaintiff realleges and incorporates into Court II the numbered paragraphs 1-71.

86.     By denying Plaintiff the right to obtain evidence on his behalf and to confront his accusers, Captain West and Director George denied Plaintiff his rights to due process of law as guaranteed under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

87.     By intentionally filing a false and/or misleading report to the office of the Georgia Peace Officers Standard and Training Council, the City of

Alpharetta  denied Plaintiff his rights to due process of law as guaranteed under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

88.    The actions of George and West were approved and ratified by the City of Alpharetta.

89.    That the actions of the individual Defendants were willful, malicious and done with the conscious disregard for the consequences.

90.    That Plaintiff is entitled to an award of punitive damages against the individually named Defendants named herein.

91.    That the Plaintiff is entitled to an award of compensatory damages.

92.    That the Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation pursuant to 42 USCA 1988.

## COUNT III

93.    Plaintiff realleges and incorporates into Court II the numbered paragraphs 1-71.

94.    Defendant George, as Director of Public Safety, had the authority to

make policy of the Alpharetta Police Department.

95.   Defendant Bott, as the Human Resource Manager, had the responsibility to ensure that the City's personnel policies and discipline were properly enforced without discrimination.

96.   Defendant McCall, as the Deputy Director of Public Safety for the City of Alpharetta, had the responsibility to ensure that the City's personnel policies and discipline within the police department were properly enforced without discrimination.

97.   Defendant Robert Regus, as the City Administrator for the City of Alpharetta,  had the responsibility to ensure that the City's personnel policies and discipline were properly enforced without discrimination.

98.   Defendant Robert Regus, as the City Administrator for the City of Alpharetta, has the authority to made policy for the city.

99.   Under the administration of Regus, West and McCall, the Alpharetta Police Department has created a hostile work environment for Afro-American police officers in violation of Title VII of the Civil Rights Act of 1964.

100. Under the administration of Regus, West and McCall Afro-American police officers were subjected to more severe disciplinary actions than the white police officers.

101. Under the administration of Regus, West and McCall Afro-American police officers were denied promotions and advancement opportunity given to white officers.

102. The Plaintiff has been subjected to discriminatory treatment based upon his race.

103. That the Plaintiff has been subjected to a hostile work environment based on racial discrimination.

104. As a direct and proximate result of racial discrimination and hostile work environment, the Plaintiff has suffered damages.

105. That the Plaintiff is entitled to an award of compensatory damages.

106. That the actions of the individual named Defendants are willful, wanton and malicious and done with a conscious disregard for the consequences.

107. That the Plaintiff is entitled to an award of punitive damages against

the individual Defendants.

108.   That the Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation pursuant to 42 USCA 1988.

WHEREFORE Plaintiff prays:

(a)   That he be awarded judgement jointly and separately against the Defendants.

(b)   That he be awarded compensatory damages in such amount as a jury may determine but not less than One Million ($1,000,000.00)Dollars.

( c)   That he be awarded punitive damages against the individually named Defendants in such amount as a jury may determine but not less than One Million ($1,000,000.00)Dollars.

(d)   That he be awarded reasonable attorney's fees and costs of litigation pursuant to 42 USCA 1988.

Respectfully submitted,

/s/ Clifford H. Hardwick

_____

Clifford H. Hardwick

**Attorney for the Plaintiff**

**Georgia Bar No. 325675**

**Roswell Professional Park**

**11205 Alpharetta Highway**

**Suite E-1**

**Roswell, Georgia 30076**

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 5.1</u>

**I hereby certify that the foregoing document was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1C**

**Respectfully submitted,**

***<u>S/ Clifford H. Hardwick</u>***

# IN THE UNITED STATES DISTRICT COURT

## NORTHER DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **KEITHROY B. NURSE** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION FILE** |
| | : | **NO.** |
| | : | |
| **vs.** | : | |
| | : | |
| **THE CITY OF ALPHARETTA,** | : | |
| **ROBERT J. REGUS, KATHY BOTT,** | : | |
| **WESLEY McCALL, SANDY WEST,** | : | |
| **and GARY D. GEORGE,** | : | |
| | : | |
| **Defendants** | : | |

## <u>DEMAND FOR JURY TRIAL</u>

Comes now Keithroy B. Nurse, Plaintiff in the above styled action, and files this his demand for trial by jury.

Respectfully submitted,

/s/ Clifford H. Hardwick

_____

**Clifford H. Hardwick**

**Attorney for the Plaintiff**

**Georgia Bar No. 325675**

**Roswell Professional Park**

Page 21 of 22

**11205 Alpharetta Highway**

**Suite E-1**

**Roswell, Georgia 30076**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Atlanta Status Line: 866-408-8075
Atlanta Direct Dial: (404) 562-6887
TTY (404) 562-6801
FAX (404) 562-6909/6910
Website: www.eeoc.gov

Clifford H. Hardwick, Esq.
Roswell Professional Park
11205 Alpharetta Highway
Suite E-1
Roswell,  GA 30076-1442

> **Charge No.:   410-2016-04651**
> **Charging Party: Keithroy B. Nurse**
> **Respondent: City of Alpharetta**

Dear Mr. Hardwick:

I have thoroughly reviewed the entire file, to include the information you provided on January 19,
2017, in response to the position statement from the above-referenced Respondent.

After reviewing your additional information, in addition to the other evidence in the charge file, I
was unable to prove that any of the statutes the Commission enforces were violated. The
Respondent provided a legitimate non-discriminatory reason for its actions that neither you nor
the investigation has shown to be a pretext to discrimination.  Respondent has cited multiple
reasons for discharging Charging Party, which were not found in any one similarly situated
comparator.

This determination and dismissal concludes the processing of this charge. Enclosed is a Notice of
Right to Sue letter. This letter will be the only notice of dismissal and the only notice of your
right to sue sent by the Commission. Following this dismissal, you may only pursue this matter
by filing suit against the Respondent named in the charge within 90 days of receipt of this letter.
Otherwise, your right to sue will be lost.

APR 0 1 2017

_____
Date

Sincerely,

Jodie Tollefson
Enforcement Supervisor

Enclosure

